UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.

**11734 RCL**

ROBERT LUBOLD, JR.
   Plaintiff

V.

METROPOLITAN LIFE INSURANCE
 COMPANY
WALGREEN INCOME PROTECTION PLAN
   FOR STORE MANAGERS
WALGREEN CO.
   Defendants

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE _____

**COMPLAINT WITH JURY DEMAND**

**Parties**

1. Plaintiff is Robert Lubold, Jr. ("Mr. Lubold") an individual having a usual place of residence at Sandwich, Barnstable County, Massachusetts.

2. Defendant is Metropolitan Life Insurance Company ("MetLife") an insurance subsidiary of Metropolitan Life, Inc., One Madison Avenue, New York, New York, doing business in the Commonwealth of Massachusetts, and the insurer of the Airborne Express Long Term Disability Plan.

3. Defendant is Walgreen Income Protection Plan for Storage Managers("LTD Plan"), an employee benefit plan, having a place of business at 1417 Lake Cook Road, Deerfield, Illinois.

1

4. Defendant is Walgreen Co., an Illinois corporation, having a place of business at 1417 Lake Cook Road, Deerfield, Illinois. Walgreen Co., is the Plan Administrator and Plan Sponsor of the LTD Plan.

### Jurisdiction and Venue

5. This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. § 1132.

6. Venue is proper before this Court, because the plaintiff resides in the eastern district of Massachusetts.

### Facts Common to All Counts

7. At all times material hereto, Mr. Lubold had been employed as a full time employee and store manager for Walgreen Co., or one of its subsidiaries.

8. At all times relevant hereto, Ms. Lubold was a beneficiary under the LTD Plan.

9. The LTD Plan is an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

10. MetLife insures the Plan and is jointly liable for payment of benefits under the LTD Plan.

11. Mr. Lubold is a "participant" in the LTD Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

12. Mr. Lubold was employed as a store manager at Walgreen Co., within the Commonwealth of Massachusetts.

13. On or about February 6, 2002, Mr. Lubold was driving his automobile on Route 3 in or around Marshfield, Massachusetts, when his car was rear ended by another automobile traveling at a high rate of speed.

14. As a result of that collision, Mr. Lubold suffered a traumatic brain injury.

15. In or about May 2002, and in order to evaluate Mr. Lubold's claim, MetLife retained the services of Dr. Kenneth G. Busch, MD of Chicago, Illinois, who conducted a record review of certain of Mr. Lubold's medical records and found Mr. Lubold to be significantly occupationally impaired.

16. At all times material hereto, and since at least March 1, 2002, Mr. Lubold has been "totally disabled" within the meaning of the terms of the LTD Plan, and has been entitled under the LTD Plan to be paid both short-term disability and long-term disability benefits, and continues to be disabled to date.

17. For a period of time, commencing on or about March 1, 2002 until on or about October 1, 2003, MetLife paid disability benefits to Mr. Lubold.

18. After MetLife terminated Mr. Lubold's benefit payments, and in order to support its benefit denial, MetLife relied on the opinion of Dr. Reginald Givens, MD, who performed a cursory and limited record review, and without reasonable explanation rejected the opinions of Mr. Lubold's treating physician opinions regarding his significant occupational impairment, and that of Dr. Busch.

19. MetLife retained Dr. Givens through Network Medical Review - Elite Physicians of Rockford, Illinois ("NMR"), an organization owned and controlled by Dr. Robert Porter, MD. NMR regularly reviews ERISA disability claims on behalf of insurers such as Fortis - Assurant, MetLife Disability, Sun Life, Liberty Life Assurance Company of Boston and others.

20. NMR is paid substantial sums of money each year by insurers, including Fortis-Assurant, MetLife Disability, Sun Life, Liberty Life Assurance Company of Boston and others.

21. NMR advises its reviewing doctor not to use certain language in writing disability opinions.

22. Dr. Givens was not an "independent medical reviewer."

23. Under the LTD Plan, Mr. Lubold was required to seek benefits from the SSA, or the LTD Plan would estimate the benefits that he might expect to receive and reduce that sum from his monthly benefit payment.

24. The United States Social Security Administration ("SSA"), by a written decision containing specific findings of fact and rulings of law dated October 29, 2004 by Administrative Law Judge, J. Alan Mackay, found that Mr. Lubold had been disabled and remains disabled from gainful employment effective March 1, 2002.

25. Mr. Lubold timely filed an appeal of the benefits denial which was received by MetLife on June 28, 2005.

26. Mr. Lubold has exhausted his administrative remedies under the LTD Plan, insurance policy and under ERISA, because the LTD Plan and MetLife have failed to render a decision no later than forty five (45) days after MetLife received Mr. Lubold's most recent appeal.

27. To the extent that MetLife had been granted discretionary authority under the Plan, both the Plan and MetLife abused that discretion, for many reasons, including its failure to render a decision no later than forty five (45) days after receipt of the appeal, and in accordance with the United States Secretary of Labor regulations set forth at 29 C.F.R. § 2560.503-1.

### Count I

### Benefits Due From MetLife and the Plan under ERISA, 29 U.S.C.§ 1132

28. Mr. Lubold realleges paragraphs 1 through 27 and incorporates the same by reference as if fully set forth herein again.

29. As the *de facto* plan administrator and benefit payor, MetLife is operating under a conflict of interest, and to the extent that MetLife contends that its decision to terminate benefits under the discretionary standard of review, that contention must be denied, and MetLife's decision must be reviewed under a *de novo* standard of review.

30. To the extent that MetLife had been granted discretionary authority under the LTD Plan, both MetLife and the Plan abused that discretion, for reasons including, the failure to render a decision no later than forty five (45) days after receipt of the appeal , and in accordance with the United States Department of Labor regulations set forth at 29 C.F.R. § 2560.503-1, and engaging in an inherently unfair claim process.

31. MetLife's decision to terminate Mr. Lubold's benefits under the LTD Plan are wrongful whether determined under *de novo* standard, or the arbitrary and capricious standard, or the heightened scrutiny standard of review.

32. Mr. Lubold fulfilled all of the requirements for obtaining benefits under the LTD Plan and the insurance policy of MetLife.

33. As a result of MetLife's and the LTD Plan's refusal and failure to pay to Mr. Lubold disability benefits provided to him and to those participants who are totally disabled, Mr. Lubold is entitled to relief against MetLife and the LTD Plan to recover benefits due to him under the terms of the LTD Plan and insurance policy, to enforce his rights to benefits under the Plan and to clarify his rights to future benefits under the LTD Plan and insurance policy, pursuant to 29 U.S.C. § 1132 (a).

## Count II

### Breach of Contract Against MetLife

34. Mr. Lubold realleges paragraphs 1 through 33 and incorporates the same by reference as if fully set forth herein again.

35. Mr. Lubold is a direct, or intended third party beneficiary of an insurance contract between Walgreen Co., and MetLife.

36. MetLife breached that insurance contract, and caused Mr. Lubold to suffer damages.

### Count III

### Failure to Timely Provide Plan Documents

37. Mr. Lubold realleges paragraphs 1 through 36 and incorporates the same by reference as if fully set forth herein again.

38. By letter dated January 26, 2004, counsel to Mr. Lubold made written request for the Summary Plan Description and Plan documents relating to the LTD Plan. A duplicate letter was sent to MetLife.

39. MetLife refused to produce documents even though it controlled administration of the Plan. To date, it appears that MetLife has not produced all "other instruments under which the plan is operated," including the *Met Procedures and Policy for Processing Claim*.

40. Pursuant to 29 U.S.C. § 1024(b)(4) the plan administrator shall, whether *de facto* or actual, upon written request of a participant, furnish a copy of the "other instruments under which the plan is operated," and a summary plan description.

41. Both Walgreen Co., and MetLife failed to provide the requested documents within thirty days, are a subject to a penalty of as described in 29 U.S.C. § 1132( c)(1) of up to $110/per day beginning on the thirty-first (31st) day.

WHEREFORE, plaintiff Robert Lubold, Jr., demands relief and judgment, jointly and severally, against the defendants as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the plaintiff and defendants with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3. For an order precluding a remand of this matter for further determination by the defendants regarding the termination of benefits.

4. For a penalty in the amount of $110.00 per day for each day after April 16, 2004, that the defendants failed to timely deliver "other instruments under which the plan is operated" and a summary plan description.

5. For such other relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

ROBERT LUBOLD, JR.
By His Attorneys,

_____
Jonathan M. Feigenbaum, Esq.
B.B.O. N#546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

L:\Lubo003\complaint.lubold.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Robert Lubold, Jr. v. Metropolitan Life Insurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jonathan M. Feigenbaum__
ADDRESS __Phillips & Angley, One Bowdoin Square, Boston, MA 02114__
TELEPHONE NO. __617-367-8787__

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Lubold, Jr.

**DEFENDANTS**
Metropolitan Life Insurance Company; Walgreen Income Protection Plan for Store Managers; Walgreen Co

(b) County of Residence of First Listed Plaintiff: **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan M. Feigenbaum, Phillips & Angley, One Bowdoin Square, Boston, MA 02114; 617-367-8787

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 USC 1132
Brief description of cause:
Plaintiff seeks to recover disability benefits, attorneys' fees, costs and interest.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 08/22/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE