UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.  05-11734-RCL

_____
                                            )
Robert Lubold, Jr.                          )
                                            )
    Plaintiff,                             )
                                            )
v.                                          )
                                            )
Metropolitan Life Insurance Company, Walgreen )
Income Protection Plan for Store Managers and )
Walgreen Co.                                )
                                            )
    Defendants.                            )
_____)

### DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants hereby answer the numbered paragraphs of plaintiff's Complaint as follows.

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. The defendants deny that Metropolitan Life Insurance Company ("MetLife") is located at One Madison Avenue, New York, New York.  The defendants admit that MetLife provides insurance for a long-term disability plan under a group policy issued to Walgreen Co. ("Walgreens"), which provides insurance to fund benefits once a participant has received six months of long-term disability benefits.  Otherwise, the defendants admit the remaining allegations contained in paragraph 2.

3. The defendants admit only that the Walgreen Income Protection Plan for Managers and Professionals (the "Plan") is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

4. The defendants admit that Walgreens is an Illinois corporation, having a place of business in Deerfield, Illinois, and that Walgreens is the Plan Sponsor of the Plan. The defendants deny the remaining allegations contained in paragraph 4.

5. The defendants state that paragraph 5 contains legal conclusions as to which no response is required.

6. The defendants state that paragraph 6 contains legal conclusions as to which no response is required.

7. The defendants admit that Mr. Lubold was a store manager for Walgreens on or about February 28, 2002, and that his official employment termination date was March 1, 2003. Otherwise, denied.

8. The defendants admit only that Mr. Lubold was a participant of the Plan. Otherwise, denied.

9. The defendants admit the allegations contained in paragraph 9.

10. The defendants admit only that MetLife insures the Plan under a group policy issued to Walgreens, which provides insurance to fund benefits under the Plan once a participant has received six months of long-term disability benefits. Otherwise, denied.

11. The defendants admit the allegations in contained in paragraph 11.

12. The defendants admit the allegations contained in paragraph 12.

13. The defendants are without knowledge or information sufficient to form a belief concerning an automobile accident on or about February 6, 2002. Otherwise, denied.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14. Otherwise, denied.

15. In response to paragraph 15, the defendants admit that in or about April or May of 2002, at the request of MetLife, Dr. Kenneth G. Busch conducted a file review and teleconference regarding the plaintiff. The May 9, 2002 review contained the impression that "functional psychiatric impairments remain present at the current time that would preclude the claimant from performing the responsibilities of his own occupation as a store manager…" Otherwise, denied.

16. The defendants deny the allegations contained in paragraph 16.

17. The defendants deny the allegations contained in paragraph 17.

18. The defendants deny the allegations contained in paragraph 18.

19. The defendants admit only that information which had been submitted by plaintiff to MetLife was sent to Network Medical Review for a determination of plaintiff's level of functionality. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Otherwise, denied.

20. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20. Otherwise, denied.

21. The defendants state that MetLife did not advise Dr. Givens on what language to use in her review of plaintiff's medical records and determination of plaintiff's level of functionality. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21. Otherwise, denied.

22. The defendants deny the allegations contained in paragraph 22.

23. In response to paragraph 23, the defendants state that to the extent the allegations mischaracterize or fail to include all terms and conditions associated with the Plan, the terms of the Plan speak for themselves, and therefore deny the allegations contained in paragraph 23.

24. The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 24.  Otherwise, denied.

25. The defendants deny the allegations contained in paragraph 25.

26. The defendants deny the allegations contained in paragraph 26.

27. The defendants deny the allegations contained in paragraph 27.

28. The defendants repeat their responses to paragraphs 1 through 27 as if set forth herein.

29. The defendants deny the allegations contained in paragraph 29.

30. The defendants deny the allegations contained in paragraph 30.

31. The defendants deny the allegations contained in paragraph 31.

32. The defendants deny the allegations contained in paragraph 32.

33. The defendants deny the allegations contained in paragraph 33.

34. The defendants repeat their responses to paragraphs 1 through 33 as if set forth herein.

35. The defendants deny the allegations contained in paragraph 35.

36. The defendants deny the allegations contained in paragraph 36.

37. The defendants repeat their responses to paragraphs 1 through 36 as if set forth herein.

38. The defendants admit only that on or about January 26, 2004, an attorney sent a letter to MetLife and Walgreens.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, the correspondence speaks for itself and therefore deny the allegations contained in paragraph 38.

39.    The defendants deny the allegations contained in paragraph 39.  Further answering, the defendants state that on or about December 23, 2003, the plaintiff's attorney was sent a copy of the Summary Plan Description and Plan documents for the Plan.  Further answering, the defendants state that on or about February 3, 2004 another copy of the Summary Plan Description and Plan documents for the Plan was forwarded to plaintiff's attorney.  Otherwise, denied.

The remaining paragraphs of the Complaint state claims for relief as to which no response is required.  The defendants specifically deny that plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA.  Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Affirmative Defense

To the extent (and without admitting that) plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan, including without limitation, Social Security disability and worker's compensation benefits.

### Third Affirmative Defense

To the extent (and without admitting that) plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits

given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Fourth Affirmative Defense

The determinations by any defendant regarding plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

### Fifth Affirmative Defense

All determinations made by any defendant with respect to plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the Plan documents.

### Sixth Affirmative Defense

Plaintiff's claim for breach of contract against MetLife (Count II) is wholly preempted by ERISA.

### Seventh Affirmative Defense

The prayers for relief and jury demand are barred to the extent the relief sought are not permitted by ERISA.

### Eighth Affirmative Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted under ERISA.

**Ninth Affirmative Defense**

The plaintiff's claims for relief are barred by the requirements, exclusions and limitations of the Plan, including with out limitation the twenty-four month limitation for mental disorders.

**Tenth Affirmative Defense**

The plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, the defendants respectfully request that the Court dismiss the Complaint with prejudice, and award defendants their attorneys' fees and costs.

METROPOLITAN LIFE INSURANCE COMPANY, WALGREEN INCOME PROTECTION PLAN FOR STORE MANAGERS AND WALGREEN CO.
By their attorneys,

/s/ Constance M. McGrane

James F. Kavanaugh, Jr. BBO #262360
Constance M. McGrane BBO #546745
CONN KAVANAUGH ROSENTHAL PEISCH
 & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Dated: October 11, 2005

237507.1

Case 1:05-cv-11734-RCL     Document 9     Filed 10/11/2005     Page 8 of 8