UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-11734-RCL

_____
                                            )
Robert Lubold, Jr.                          )
                                            )
      Plaintiff,                            )
v.                                          )
                                            )
Metropolitan Life Insurance Company, Walgreen )
Income Protection Plan for Store Managers and )
Walgreen Co.                                )
                                            )
      Defendants.                           )
_____)

JOINT STATEMENT REGARDING PRE-TRIAL MATTERS

Pursuant to Local Rule 16.1, the Defendants Metropolitan Life Insurance Company ("MetLife"), Walgreen Income Protection Plan for Store Managers (the "Plan"), Walgreen Co. ("Walgreens"), and the plaintiff, Robert Lubold, Jr. ("Lubold") hereby file this Joint Statement Regarding Pre-Trial Matters.

1. Proposed Discovery Plan and Schedule for Motions

The parties propose the schedule set forth below for consideration by the Court. The parties do not wish to conduct phased discovery.

    a. Motions to join additional parties and to amend the pleadings must be filed by January 27, 2006.

    b. The defendants shall deliver on or before December 21, 2005 to plaintiff a set of documents that defendants represent to be the administrative claim file (including diary notes), related correspondence, and certificate of insurance for the matter,

with certain privileged documents redacted ("Claim File"). Defendants will also serve a Privilege Log with the Claim File.

c. If the plaintiff claims that any of the Claim File is incomplete or inaccurate in any way, he must notify the defendants' counsel in writing of the same by January 27, 2006. If the plaintiff does not provide such notice by January 27, 2006, then defendants shall file with the Court the Claim File served on plaintiff titled as "Agreed to Record for Judicial Review." If the plaintiff does provide such notice, then the parties must then confer in an attempt to ascertain an Agreed to Record for Judicial Review by February 17, 2006. If the parties come to an agreement, they are to immediately file an "Agreed To Record For Judicial Review." If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by March 3, 2006, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by March 17, 2006. Parties opposing any such motion shall file any opposition by April 7, 2006, or twenty-one (21) days thereafter, which date is earlier.

d. If any party proposes that a party is entitled to any discovery in order to constitute or supplement the record for judicial review, the party must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly

    received at trial and would be material to the disposition of this civil action.  Any requests for discovery must be filed by March 17, 2006.  Counsel to any party not proposing discovery shall have fourteen (14) days after a party files a submission showing cause for a party's entitlement to such discovery, to file an opposition thereto.

  e. The parties are not required to follow the disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

  f. Summary Judgment Motions with accompanying memoranda must be filed by the later of:  (1) June 9, 2006 or (2) two (2) months after the Court determines what constitutes the record for judicial review, as supplemented, whichever is later.  Each party may file an opposition to the other party's motion for summary judgment fourteen (14) days after service of the motion for summary judgment.

2. The defendants and Lubold do not consent to trial by magistrate judge.

3. The defendants and Lubold will be filing separately their Certificate(s) of Budget and ADR Conference.

-4-

4. The defendants and Lubold propose a trial date of October 23, 2006.

          Respectfully submitted,

          ROBERT LUBOLD, JR.
          By his attorney,


          /s/ Jonathan M. Feigenbaum
          (by CMM)
          Jonathan M. Feigenbaum (BBO# 546686)
          Phillips & Angley
          One Bowdoin Square
          Boston, MA  02114
          (617) 367-8787

          METROPOLITAN LIFE INSURANCE
          COMPANY OF AMERICA,
          By its attorneys,


          /s/ Constance M. McGrane
          James F. Kavanaugh, Jr. (BBO# 262360)
          Constance M. McGrane (BBO# 546745)
          CONN KAVANAUGH ROSENTHAL
           PEISCH & FORD, LLP
          Ten Post Office Square
          Boston, MA  02109
          (617) 482-8200

241237.1